

**IT IS ORDERED as set forth below:**

**Date: September 30, 2020**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re: | : |
| | : CASE NO. **17-52865-PMB** |
| **A-1 EXPRESS DELIVERY SERVICE, INC.,** | : |
| | : CHAPTER 7 |
| Debtor. | : |
| | : |
| **M. DENISE DOTSON, AS CHAPTER 7 TRUSTEE OF A-1 EXPRESS DELIVERY SERVICE, INC.,** | : |
| | : |
| Plaintiff, | : |
| | : ADVERSARY PROCEEDING |
| v. | : NO. 19-5048 |
| | : |
| **EAN SERVICES, LLC,** | : |
| | : |
| Defendant. | : |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This matter was commenced on February 10, 2019 by M. Denise Dotson, the duly appointed trustee in this Chapter 7 bankruptcy case (the "Trustee" or "Plaintiff"), through the filing of her *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550 and*

to Disallow Claims Pursuant to 11 U.S.C. § 502 (Docket No. 1)(the "Complaint"). In the Complaint, the Trustee seeks to recover $227,077.28 (the "Transfers")[1] from EAN Services, LLC (the "Defendant"), asserting that the Transfers were preferential or fraudulent transfers made by the above-named Debtor (the "Debtor") within the ninety (90) day period prior to the filing of the underlying bankruptcy case (the "Preference Period"), and related relief. On March 1, 2019, the Defendant filed its *Answer to Complaint to Avoid and Recover Transfers* (Docket No. 4)(the "Answer"). In the Answer, the Defendant denies that the Trustee is entitled to relief and asserts four (4) affirmative defenses—the contemporaneous exchange, ordinary course of business, and new value defenses (11 U.S.C. §§ 547(c)(1), (c)(2) & (c)(4)) as to the preferential transfer allegations, and a single defense—that the payments were made on account of bona fide debts (and thus for "value" under 11 U.S.C. § 548(d)(2)(A))—as to the fraudulent transfer allegations.[2]

This matter comes before the Court on *Defendant's Motion for Summary Judgment* and associated *Defendant's Statement of Undisputed Material Facts* and *Brief in Support of Defendant's Motion for Summary Judgment* (Docket Nos. 6, 7 & 8)(collectively, the "Summary Judgment Motion"), filed by the Defendant on March 21, 2019.[3] In the Summary Judgment Motion, the Defendant asserts that the Trustee is not entitled to recover the Transfers because,

---

[1] The Complaint identifies seven (7) transfers that total $221,157.39. The parties appear to agree that this updated figure represents the actual amount of potentially avoidable transfers received by the Defendant. *See* Docket No. 32, Part 2, Ex. 1, p. 2, Item 3; p. 3, Item 5; p. 8, Item 1; Docket No. 36, p, 1, Item 1.

[2] Plaintiff seeks relief under 11 U.S.C. § 548 in Count II of the Complaint. The Defendant sought summary judgment as to those claims, asserting that value was in fact given for the transfers. *See* Summary Judgment Motion, Docket No. 8, Part II. Those claims were never addressed by the Trustee during the briefing of the Summary Judgment Motion (*see e.g.*, Docket No. 32, *passim*), such that they are deemed abandoned. It also appears uncontested that the Transfers were in satisfaction of antecedent debt.

[3] In support of the Summary Judgment Motion, the Defendant filed the following additional pleadings and other documents: *Supplement to Defendant's Motion for Summary Judgment: Supplemental Statement of Material Facts Not In Dispute* (Docket No. 17); *Affidavit of Trisha Martin* (Docket No. 18); *Supplement to Defendant's Motion for Summary Judgment: Brief* (Docket No. 19)(collectively, with the Summary Judgment Motion and the Reply, the "Summary Judgment Pleadings").

pursuant to 11 U.S.C. § 547(c)(4), they are all covered by "new value" provided to the Debtor after the Transfers were made.  Further, to the extent that the recovery of the Transfers is not entirely prevented by 11 U.S.C. § 547(c)(4), the Defendant asserts that it is entitled to set off any remaining recoverable amounts against the $55,999.93 claim that the Defendant filed in this case[4] under 11 U.S.C. § 503(b)(the "Asserted Administrative Claim") for value provided to the Debtor after the filing of the underlying bankruptcy case but before the case was converted to Chapter 7,[5] resulting in no recovery for the Trustee.

After the Trustee filed responses requesting time for discovery under Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56(d), and such additional time was provided,[6] the Trustee filed *Trustee's Response in Opposition to Defendant's Motion for Summary Judgment* and associated *Plaintiff's Response to Defendant's Statement of Material Facts in Support of its Motion for Summary Judgment & Statement of Additional Facts* (Docket No. 32)(the "Response") on March 21, 2020.[7]  The Defendant subsequently filed its *Reply to*

---

[4] Claims Docket No. 109, filed October 17, 2019.  This claim was presumably filed in the Claims Docket, rather than asserted through the filing of an application for payment, *see* 11 U.S.C. §503(a), (b), because the Clerk of Court sent out a notice in June of 2017 requiring the filing of all claims on the Claims Docket by August 31, 2017.  *See* Main Case Docket No. 131.  Although the Claims Docket presently only contains this version of this claim, this proof of claim purports on its face to amend a prior proof of claim, apparently also at Claims Docket 109, filed on August 23, 2017.  The Trustee appears to acknowledge that this original Proof of Claim was filed (Docket No. 32, Part I), such that it is amended by the October, 2019 claim, although the original claim no longer appears on the Claims Docket.

[5] This case was originally filed under Chapter 11 of title 11, United States Code (the "Bankruptcy Code") on February 14, 2017.  The case was converted to one under Chapter 7 of the Bankruptcy Code on May 1, 2017.

[6] *See* Docket Nos. 9, 10, 11, 13, 21, 22, 23, 24, 25, 26, 27 and unnumbered Docket entry dated 07/15/19.

[7] In support of her Response, the Trustee filed the following additional pleadings and other documents: *Trustee's Rule 56(d) Motion and Response Brief in Opposition to Defendant's Motion for Summary Judgment* and associated *Plaintiff's Response to Defendant's Statement of Material Facts in Support of it Motion for Summary Judgment* (Docket No. 9); *EAN Services LLC's (Defendant's) Responses to Trustee's (Plaintiff's) First Interrogatories and First Request for Production of Documents* (Docket No. 21); *Trustee's Motion to Strike Defendant's Supplemental Summary Judgment Filings, Second Rule 56(d) Motion, and Motion to Extend Trustee's Deadline to Respond in Opposition to Defendant 's Motion for Summary Judgment* and associated *Plaintiff's Supplemental Response to Defendant's Statement of Material Facts in Support of Its Motion for Summary Judgment and First Response to Defendant's Supplemental Statement of Material Facts Not in Dispute* (Docket No. 25); *October 8, 2019 Deposition*

3

*Response to Motion for Summary Judgment* and associated *Defendant's Response to Plaintiff/Trustee's Statement of Additional Facts Material to Adjudication of Defendant's Summary Judgment Motion* (Docket Nos. 35 & 36)(collectively, the "Reply"), thereby concluding the pleading related to the Summary Judgment Motion.[8]

Summary judgment may be granted pursuant to Fed.R.Civ.P. 56, which is made applicable herein by Fed.R.Bankr.P. 7056, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding a motion for summary judgment, the court "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The initial burden of proving the absence of dispute as to any material fact rests with the moving party. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In meeting this initial burden, the moving party must identify "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)(internal quotations omitted).[9] Once the

---

*of Trisha Martin* (Docket Nos. 23, 24); *February 25, 2020 Deposition of Trisha Martin* (Docket No. 31, 34)(collectively, with the Response, the "Responsive Pleadings").

[8] Although the Trustee filed responses to the statements of undisputed material facts propounded by the Defendant, and in so doing indicated that some of those facts were disputed, the Trustee never complied with BLR 7056-1(a) by submitting a separate statement of material facts as to which she contends a genuine issue exists to be tried. Nevertheless, the Court has treated the facts in the Trustee's responses (Docket Nos. 9, 25, & 32) that were indicated as disputed and were not resolved by later responses as the ones that the Trustee would have listed. All such facts that are relevant to the resolution of this matter were resolved in favor of the Trustee in the facts assumed herein.

[9] On an issue where the burden of proof on an issue at trial is borne by the non-moving party, the movant may simply "[point] out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex, supra*, 477 U.S. at 325, quoted in *Mandel v. Target Corp.,* 2013 WL 12084296, at *1 (S.D. Fla. Nov. 18, 2013). In addition, "[w]hen the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways—by negating an essential element of the nonmovant's case or by showing that there is no evidence to prove

party moving for summary judgment has identified those materials demonstrating the absence of a genuine issue of material fact, the non-moving party cannot rest on mere denials or conclusory allegations, but must go beyond the pleadings and designate, through proper evidence such as by affidavits or personal knowledge or otherwise, specific facts showing the existence of a genuine issue for trial.  *See* Fed.R.Civ.P. 56(c) & (e); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Johnson v. Fleet Finance Inc.*, 4 F.3d 946, 948-49 (11th Cir. 1993); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993).  Further, all reasonable doubts should be resolved in favor of the non-moving party, and "[i]f reasonable minds could differ on any inferences arising from undisputed facts, summary judgment should be denied." *Twiss v. Kury*, 25 F.3d 1551, 1555 (11th Cir. 1994)(citing *Mercantile Bank & Trust v. Fidelity & Dep. Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

From the Summary Judgment Pleadings and the Responsive Pleadings, the following facts appear to be undisputed.  The Debtor operated a delivery business.  The Defendant leased vehicles to the Debtor pursuant to written agreements between them (the "Agreements")[10] that were used in and necessary to that business.  The Defendant received the Transfers from the Debtor during the Preference Period in payment of amounts due from the Debtor to the Defendant.  The Trustee concedes that the Defendant provided $169,045.51[11] in new value to the Debtor after the various Transfers were made in the form of unpaid periodic lease payments due to the Defendant under

---

a fact necessary to the non-movant's case."  *Marshall v. Penland*, 2015 WL 1909915, at *2 (S.D. Ga. Apr. 27, 2015), citing *Coats & Clark, supra,* 929 F.2d at 606–08.

[10] One such agreement was filed in this Adversary Proceeding as Exhibit 2 to the deposition of Trisha Martin (Docket Nos. 31 & 35)(the "Deposition"), an employee of Defendant.  From Ms. Martin's Deposition testimony, this appears to have been a "master agreement", and there were also separate agreements in connection with each rental.  Docket No. 31, pps. 20-22 (19-21 as numbered in the Deposition).

[11] Docket No. 32, Part 2, p. 6, Item 3. The Defendant asserts that this amount is actually $172,013.50 (Docket No. 35, p. 2 fn. 2), but this difference is not material to the analysis.

5

the Agreements for the vehicles leased by the Defendant to the Debtor.[12] Applying this new value to the Transfers reduces the amount of the Transfers potentially recoverable by the Trustee to no more than $58,031.77 (the "Remaining Preference Claim").[13] The issues that might be resolved on summary judgment related to the Remaining Preference Claim are:

1) Can the Defendant use $121,110.51 in claims against the Debtor that it asserts also arose during the Preference Period, consisting of amounts due to the Defendant under the Agreements related to damage by the Debtor to the leased vehicles and related insurance deductibles (the "DRU Claims"),[14] as additional new value to reduce the Remaining Preference Claim to zero?; and

2) Can the Defendant set off its Asserted Administrative Claim against whatever preference liability it may have after 11 U.S.C. § 547(c)(4) is fully applied?[15]

As to the first issue,[16] the DRU Claims all relate to leased vehicles damaged by the Debtor while leased from the Defendant under the Agreements. The parties agree that the Debtor was

---

[12] The Trustee concedes in her pleadings that these unpaid amounts constitute "new value." *See* Docket No. 32, Part 1, Page 3 ("The Trustee acknowledges that Defendant provided value to the Debtor in the form of rental vehicles after the date of the Transfers.") After making this concession, the Trustee goes on to dispute the applicability only of the new value provided through the DRU Claims.

[13] The Transfers occurred relatively early in the Preference Period, the last having been made on January 3, 2017. Consequently, approximately six (6) weeks of new value was received after the last Transfer. Possibly as a result, the Trustee does not assert that the specific timing of the receipt of the individual items of new value makes a difference to the resolution of this matter.

[14] The parties appear to agree that these amounts are for claims related to damage to the vehicles that the Defendant leased to the Debtor, and consist of either the entire cost of the damage (where the Debtor decided not to submit an insurance claim or where the damage amount was less than the deductible) or the deductible amount (where an insurance claim was submitted). *See* Docket No. 32, Ex. 1, p. 8, Item 2; Docket No. 36, p. 2, Item 2. The parties also agree on the total amount of such claims. See Docket No. 32, Part 1, p. 2; Docket No. 32, Part 2, pps. 4-7, Items 3, 8; Docket No. 36, p. 2.

[15] As noted above, the Defendant asserts other defenses in its Answer, including ordinary course of business and contemporaneous exchange, that are not the subject of the Summary Judgment Pleadings.

[16] The Defendant bears the burden of proof as to the new value defense. *In re Jet Florida Systems, Inc.*, 861 F.2d 1555, 1558-59 (11th Cir. 1988).

6

responsible for those charges under the terms of the Agreements.[17] The Trustee asserts that the Debtor did not get "value" for these charges because the repair would only benefit the Defendant, and thus they do not constitute "new value" for the purposes of 11 U.S.C. § 547(c)(4). The Trustee, however, asks the wrong question. The question is not whether the Debtor was directly benefitted by the repair of the damaged leased vehicle. Instead, the question is whether by incurring the cost to fix the vehicle, which the Debtor was obligated to fix, rather than making the Debtor pay it immediately, the Defendant extended "money's worth" in "new credit" to the Debtor. 11 U.S.C. § 547(c)(4) requires that the Debtor get "new value", which per 11 U.S.C. § 547(a)(2) is "money or money's worth in goods, services or new credit." Here the Debtor was obligated to the Defendant pursuant to the Agreements for the cost to fix any damage to the vehicles leased from the Defendant, net of contractually required insurance. These obligations provided "money's worth", or value, to the Debtor because, like the lease payments that the Trustee concedes are new value, they were part of the consideration required by the Defendant under the Agreements for the Debtor's continued use of the vehicles. Like the lease payments, they were an extension of credit that permitted the Debtor to use the leased vehicles. The Debtor was benefitted because it could continue to use the leased vehicles, and because the Defendant did not require it to pay these charges immediately, but permitted it to pay them on credit, leaving the Debtor's funds on hand available for other Debtor purposes.[18]

---

[17] Docket No. 32, p. 6, Items 4-6.

[18] It also appears that the claims related to such damage may constitute direct value to the Debtor. The parties did not cite to the Court a case that directly addressed the question at issue here—whether by incurring claims for damage to leased goods (or even a leased premises) that a debtor was using in its business and that that debtor was obligated to repair under the related lease agreements, the debtor had received value in the amount of the cost of the necessary repair. Consequently, this may be a case of first impression on that specific question. Looking at a similar question, however, other courts have held that claims related to such damage do benefit a debtor's bankruptcy estate sufficiently to constitute an administrative expense claim under 11 U.S.C. § 503(b). *United Trucking Service Inc v. Trailer Rental Company, Inc. (In re United Trucking Service, Inc.)*, 851 F.2d 159, 161-164 (6th Cir. 1988); *In re Hayes Lemmerz Intern. Inc.*, 340 B.R. 461, 479-481 (Bankr. D. Del. 2006). If such claims constitute value for the purpose of priority

7

For the reasons set forth above,[19] it is hereby **ORDERED** pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056 as follows:

1. The Summary Judgment Motion is **GRANTED** as set forth below.

2. Summary judgment is granted in favor of the Defendant on Count I of the Complaint because recovery of the Transfers is prevented in its entirety by the "new value" defense of 11 U.S.C. § 547(c)(4).

3. Summary judgment is granted in favor of the Defendant on Count II of the Complaint as such claim was abandoned by the Trustee during the briefing of the Summary Judgment Motion.

4. Summary judgment is granted in favor of the Defendant on Counts III and IV of the Complaint, as they rely entirely on the Trustee having prevailed on Count I or Count II of the Complaint.

---

post-petition payment, they should also constitute value for the purposes of the new value defense. Further, to the extent that the Debtor would contest that such value is less than the stated amount of the DRU Claims, either individually or in the aggregate, it is important to note in this case that the amount of the DRU Claims is more than double the amount of the Remaining Preference Claim, such that in the aggregate these claims would have to be reduced by more than fifty percent (50%) through an analysis of their precise amounts to make any difference.

[19] In light of the resolution of the first issue, it is not necessary for the Court to address the second issue. However, the Court would note that, were it necessary to decide this issue, there is at least one issue related to the proposed setoff that was not addressed by the parties that would need to be further addressed before the Court could determine whether this defense is viable in these circumstances. Specifically, to be permitted as setoff in this Adversary Proceeding, the Asserted Administrative Claim should have been asserted as a counterclaim in this Adversary Proceeding (which it was not), *see* Federal Rule of Civil Procedure 13(a)(1); Federal Rule of Bankruptcy Procedure 7013; Answer, *passim*, and/or setoff should have been asserted as an affirmative defense (which it was not), *see* Federal Rule of Civil Procedure 8(c); Federal Rule of Bankruptcy Procedure 8; Answer, *passim*. The parties did not address what, if any, effect these failures would have had on the assertion of setoff in this matter. However, because of the Court's determination that the new value defense provides a complete defense on these facts, it need not consider this issue further.

The Clerk shall serve a copy of this Order on the counsel for the Trustee and counsel for the Defendant.

**[END OF DOCUMENT]**